# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Master File No. 16-cv-02942-DSF-KS |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-03412-DSF-KS<br><br>**FINAL ORDER AND JUDGMENT** |

As of April 20, 2020, Lead Plaintiff Public School Retirement System of the School District of Kansas City, Missouri ("Lead Plaintiff" or "Kansas City") on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Daimler AG ("Daimler" or the "Company"), Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), as amended by the Parties' Agreement Regarding Amendments to the Stipulation and Agreement of Settlement, dated September 14, 2020, in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed on October 11, 2016, on the merits and with prejudice (the "Settlement").

Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered September 22, 2020 (the "Preliminary Approval Order"), the Court scheduled a hearing for December 14, 2020, at 1:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation, as amended, is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation, as amended, should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application.

The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be

mailed by first-class mail, postage prepaid, on or before ten business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members (defined below) who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within 14 calendar days of the Notice Date.

The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be served on counsel for the Parties such that they were received by November 23, 2020.

The provisions of the Preliminary Approval Order as to notice were complied with.

On November 9, 2020, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on December 14, 2020, at which time all interested Persons were afforded the opportunity to be heard.

This Court has considered Lead Plaintiff's motion, the affidavits, declarations, supporting memoranda of law, the Stipulation, as amended, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation, as amended, filed with the Court on April 29, 2020; and (ii) the Notice, which was filed with the Court on November 9, 2020. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired Daimler American Depositary Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an officer or director of Daimler during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) the parents, subsidiaries, and affiliates of Daimler; and (vi) the legal representatives, heirs, beneficiaries, successors, and assigns of any excluded person or entity, in their respective capacities as such.  Also excluded from the Settlement Class are those investors listed on the attached Exhibit A who have requested exclusion from the Settlement Class, although none have established that they are members of the Settlement Class and the Court makes no findings as to whether they are members of the Settlement Class. All others falling within the Settlement Class are deemed Settlement Class Members bound by the terms of the Settlement and the Judgment entered in this case.

4. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court re-affirms its determinations in the Preliminary Approval Order and finally certifies Kansas City as Class Representative for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class.

1      5.      The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      There has been one objection to administrative aspects of the Settlement by Siobhan Esposito, who reports that she received her notice packet on December 1, 2020.  For the reasons set forth above, Ms. Esposito's objection to the timing of her notice and the description of the Settlement Class is overruled.

7.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class,

including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is approved in all respects unless inconsistent with this Judgment and shall be consummated in accordance with the terms and provisions of the Stipulation, as amended.

8. The Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed on October 11, 2016 is dismissed in its entirety, with prejudice as of the Effective Date and without costs to any Party.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. The releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated in this Judgment in all respects and are effective as of the Effective Date. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

11. On the Effective Date of the Settlement, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

12. On the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

13. This Judgment and the Stipulation, as amended, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, as amended, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document

6

approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

  (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, as amended;

  (d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

  (e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

  14. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, as amended, and any Claim Form: (i) to effectuate the liability protections granted by this Judgment, including without limitation to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Stipulation, as amended, and this Judgment.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, as amended, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, as amended, and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, as amended.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation, as amended.

18. The Parties are hereby directed to consummate the Stipulation, as amended, and to perform its terms.

19. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order will be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds; (iii) disposition of the Settlement Fund; (iv) any applications

8

1 for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all
2 Parties for the purpose of construing, enforcing and administering the Settlement
3 and this Judgment; and (vi) other matters related or ancillary to the foregoing.
4     IT IS SO ORDERED.
5 DATED: December 23, 2020

                                        Honorable Dale S. Fischer
                                      UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

1. Sharon McGinnis, Colorado Springs, CO
2. Ruth Hilliard, Oderton, MD
3. Beatrice T. Kovacs, Swanton, OH